United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY GULIZIA,<br>          Plaintiff,<br>   v.<br>T. HARRELL, et al.,<br>          Defendants. | Case No. 21-cv-05983-BLF<br><br>**ORDER SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. § 1915**<br><br>[Re: ECF No. 15] |

This lawsuit is brought by pro se Plaintiff Anthony Gulizia against Deputy Tina Harrell and three San Jose parking enforcement officers regarding parking citations issued to Plaintiff's cargo van and an alleged confrontation between Plaintiff and Deputy Harrell at a state courthouse. This Court previously screened Plaintiff's original complaint, dismissed four claims without leave to amend, and dismissed two claims with leave to amend. *See* ECF No. 13. Plaintiff timely filed an amended complaint, ECF No. 15, which the Court now screens under 28 U.S.C. § 1915(a). The amended complaint is subject to dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). For the following reasons, the Court DISMISSES Plaintiff's amended complaint WITHOUT LEAVE TO AMEND.

In his amended complaint, Plaintiff asserts a single claim for violation of California Penal Code § 136.1 against Deputy Harrell arising out of the alleged confrontation between them at the Superior Court. *See* ECF No. 15 at 2. This claim was not in the original complaint. The California criminal statute at issue proscribes "[p]reventing or dissuading [a] witness or victim from testifying or doing other acts." Cal. Pen. Code § 136.1. But as the Court stated when it

1  dismissed with prejudice Plaintiff's previous California Penal Code claims, "'[a] private right of
2  action under a criminal statute has rarely been implied,' and where a private right of action has
3  been implied, 'there was at least a statutory basis for inferring that a civil cause of action of some
4  sort lay in favor of someone.'" *See* ECF No. 13 at 2 (quoting *Windham v. Davies*, 2015 WL
5  461628, at *13-14 (E.D. Cal. Feb. 3, 2015) (finding no private right of action under a California
6  Penal Code section)).  As was the case with the other Penal Code claims, there is no indication
7  that there is a private right of action for Plaintiff to enforce this Penal Code section.  Separately,
8  Plaintiff's amended complaint only asserts a state law claim, so the Court "lack[s] jurisdiction
9  over this case because it cannot exercise jurisdiction over a lawsuit asserting only [a] state law
10 claim[]," as it said in its previous order.  ECF No. 13 at 3.

11     The Court also concludes that leave to amend is not warranted.  "While pro se plaintiffs
12 should be given liberal leave to amend, there is no need to provide an opportunity to amend if it is
13 clear that no amendment can cure the defects in the complaint." *Khan v. Bush*, 1993 WL 128083
14 (N.D. Cal. Apr. 16, 1993).  The Court has already given Plaintiff one opportunity to amend, and
15 given that his amended complaint only asserts a single claim under state law over which it lacks
16 jurisdiction, the Court finds that further leave to amend would be futile.

17     For those reasons, the Court DISMISSES Plaintiff's amended complaint WITHOUT
18 LEAVE TO AMEND.

20 Dated: September 29, 2021

_____
BETH LABSON FREEMAN
United States District Judge